IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LINDA HAMILTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: _____ |
| ) | |
| WELTMAN, WEINBERG & REIS ) | |
| CO., LPA, SHERMAN FINANCIAL ) | |
| GROUP, LLC, LVNV FUNDING LLC, ) | Jury Trial Demanded |
| and RESURGENT CAPITAL ) | |
| SERVICES L.P., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT**

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

4. Plaintiff Linda Hamilton (hereinafter "Plaintiff") is a natural person who resides in Jefferson County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Weltman, Weinberg & Reis Co., LPA (hereinafter "Defendant Weltman") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its agent for service of process as follows: Alan Weinberg, 323 W. Lakeside Ave., Ste. 200, Cleveland, OH 44113.

6. Defendant Sherman Financial Group, LLC (hereinafter "Defendant Sherman") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Delaware, that maintains The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its registered agent for service of process.

7. Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Delaware that is a wholly owned subsidiary of Defendant Sherman, and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

8. Defendant Resurgent Capital Services L.P. (hereinafter "Defendant Resurgent") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit corporation organized in Delaware that is a wholly owned subsidiary of Defendant Sherman, which has its principal place of business located in Greenville, SC, and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

## FACTUAL ALLEGATIONS

9.  Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by Chase Bank USA N.A. (hereinafter referred to as "Chase"), and allegedly owed by Plaintiff.

10. Sometime prior to March 15, 2011, the alleged debt went into default and was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

11. Defendants Sherman, LVNV and Resurgent (hereinafter collectively the "Sherman Defendants") operate as a debt buying enterprise. Defendant Sherman is not simply a parent holding company, though it owns 100% of the shares and interests in Defendants LVNV and Resurgent. Instead, all three Defendants operate as parts of a single business operation. Defendant Sherman provides management and decision-making, Defendant LVNV exists as an employee-less paper entity that holds title to the enterprise's purchased debt portfolios and Defendant Resurgent operates as the front for contact with the targeted debtor-consumers, calling itself the "servicer" of the Defendants' collection accounts.

12. On its webpage, Defendant Sherman explains that it "is a diversified consumer finance company that, through its subsidiaries and affiliates, originates, purchases and services all types of consumer debt in the United States and Mexico."

13. Defendant Sherman further explains online that, "Through its subsidiary and affiliated companies, Sherman is engaged in the direct origination of consumer loans, investment in

performing and non-performing consumer debt originated by financial institutions, credit card companies, retailers and others, and the servicing of an array of consumer assets." See http://www.sfg.com/ last visited March 12, 2012.

14. Defendant Sherman does not operate independent of Defendants Resurgent and LVNV. It does not have a separate office, separate management or separate business and income. Instead, it serves as the name of the Sherman family of subsidiaries, all of who are interrelated and inseparably operated as a single business operation.

15. The Sherman Defendants are engaged in the business of purchasing charged-off consumer debts after default and attempting to collect them from consumers.

16. Defendant Weltman is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another.

*March 15, 2011 Collection Letter*

17. Within one year prior to the filing of this Complaint, on or about March 15, 2011, Defendant Weltman sent a collection letter to Plaintiff dated March 15, 2011. A copy of the March 15, 2011 collection letter is filed as Exhibit 1 to this Complaint.

18. The March 15, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

19. The March 15, 2011 collection letter prominently displays the name: "**WELTMAN, WEINBERG & REIS Co., LPA ATTORNEYS AT LAW**" at the center and top of the March 15, 2011 collection letter in capital letters and bold print.

20. The March 15, 2011 collection letter provides, just below the name of Defendant Weltman, the address of: "323 W. Lakeside Ave., Ste. 200, Cleveland, OH 44113-1009".

21. The March 15, 2011 collection letter was the initial written communication in connection with collection of the debt sent by Defendant Weltman on behalf of the Sherman Defendants.

22. The March 15, 2011 collection letter stated:

> RE: LVNV FUNDING LLC
> Original Creditor: CHASE BANK USA N.A.
> Account No.: 410318789
> WWR No.: 9084944
> Balance Due as of March 15, 2011: $5,338.90

23. The March 15, 2011 collection letter further stated that:

> "Please be advised that this law firm has been retained to collect the outstanding balance due and owing on this account. As of the date of this letter you owe the amount listed above. Therefore, it is important that you contact our office to discuss an appropriate resolution for this matter.
>
> This law firm is a debt collector attempting to collect this debt for our client and information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and mail you a copy. If you request in writing within the thirty (30) day period, we will provide you the name and address of the original creditor if different from the current creditor."

24. The March 15, 2011 collection letter was not signed.

### *Collection Service Licensing – Defendant Sherman and Defendant LVNV*

25. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness **irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.** Tenn. Code Ann. § 62-20-102(3). (emphasis added)

26. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

27. Defendant Sherman and Defendant LVNV are each a "collection service" as defined by Tennessee state law.

28. As of the date of the filing of the collection lawsuit against Plaintiff, neither Defendant Sherman nor Defendant LVNV had applied for or been issued a valid collection service license by the Tennessee Collection Service Board necessary for a collection service to legally collect debts in Tennessee.

29. By attempting to collect the debt from Plaintiff at a time when Defendants Sherman and LVNV were not licensed as a collection service by the Tennessee Collection Service Board, Defendants Sherman and LVNV violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

### *Collection Service Licensing – Defendant Weltman*

30. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity. Tenn. Code Ann. § 62-20-102(3). (emphasis added)

31. "Client" means any person who retains the services of a collection service and for such services directly provides the fees, commission or other compensation. Tenn. Code Ann. § 62-20-102(2)

32. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

33. Any person who places an account with a collection service is responsible for determining that the service is licensed as required by this chapter. Tenn. Code Ann. § 62-20-118.

34. Defendant Weltman has not been issued a valid collection service license necessary to legally collect debts in Tennessee.

35. The Tennessee Collection Act provides an exemption from its licensing requirements for attorneys at law. Tenn. Code. Ann. § 62-20-103(a)(2).

36. The exemption from the licensing requirements for attorneys at law is not a "per se" exemption, with the Tennessee Attorney General interpreting the exemption for attorneys as being "applicable only to those attorneys who seek to collect the debts owing to their clients who have retained them for their services as attorneys." Tennessee Attorney General ("TAG") Opinion No. 00-105. A copy of this opinion is filed as Exhibit 2 to this Complaint.

37. As the attorneys who are members of Defendant Weltman are not attorneys licensed to practice in the State of Tennessee, the Sherman Defendants could only have hired Defendant Weltman as a collection service and not for their services as attorneys to collect the debt from Plaintiff, a consumer in Tennessee.

38. The Sherman Defendants failed to determine that Defendant Weltman was licensed as a collection service as required by the Tennessee Collection Service Act prior to placing Plaintiff's account with them for collection.

7

39. By attempting to collect the debt from Plaintiff at a time when Defendant Weltman was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Weltman violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

40. The failure of Defendant Weltman to become licensed by the Tennessee Collection Service Board when it could have been hired only as a collection service and not for its services as attorneys would mislead the least sophisticated consumer by suggesting that Defendant Weltman had state approval to legally attempt to collect debts in Tennessee without being licensed as a collection service, in violation of 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(10).

### *Failure to Provide Written Notice Containing the Amount of the Debt Within Five Days After the Initial Communication*

41. The March 15, 2011 collection letter was the "initial communication" by Defendant Weltman with Plaintiff in connection with the collection of the debt.

42. Within five days after Defendant Weltman sent the initial communication, in the form of the March 15, 2011 collection letter, to Plaintiff on behalf of the Sherman Defendants, Plaintiff had not paid the debt.

43. The March 15, 2011 collection letter, the "initial communication", failed to correctly state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1) because it did not disclose the fact that interest is accruing and inform the Plaintiff of the applicable interest rate. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC,* 214 F.3d 872 (7th Cir. 2000); *Stonecypher v. Finkelstein Kern Steinberg & Cunningham, Attorneys*, 2011 WL 3489685, at *5 (E.D. Tenn., Aug. 9, 2011).

44. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the March 15, 2011 letter, and within one year prior

to the filing of the original complaint, Defendant Weltman failed to send Plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

### *Respondeat Superior Liability*

45. The acts and omissions of Defendant Weltman as an agent for the Sherman Defendants and who communicated with Plaintiff as further described herein, were committed within the time and space limits of its agency relationship with its principals, the Sherman Defendants.

46. The acts and omissions by Defendant Weltman were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by the Sherman Defendants in collecting consumer debts.

47. By committing these acts and omissions against Plaintiff, Defendant Weltman was motivated to benefit its principals, the Sherman Defendants.

48. The Sherman Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by the Sherman Defendants including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

### *Summary*

49. The above-detailed conduct by Defendants and their agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

50. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

51. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

52. The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

53. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

March 14, 2012                                                  Respectfully submitted,

**LINDA HAMILTON**


/s/      Alan C. Lee
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Talbott, TN 37877-1357
(423) 736-0201
info@alanlee.com